**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Christian Liam Schenk,

Defendant.

Case No. 0:26-cr-00174-SRN-SGE

**DEFENDANT'S UNOPPOSED MOTION TO APPEAR BY VIDEO TELECONFERENCE**

Defendant Christian Liam Schenk, through undersigned counsel, respectfully moves the Court for leave to appear by video teleconference at the hearing set for October 9, 2026, and at any later hearing in this case at which no testimony will be taken. Undersigned counsel intends to appear in person at each such hearing unless the Court prefers to conduct the entire hearing remotely. The government does not object. In support of this motion, Mr. Schenk states as follows.

1. On September 24, 2026, the grand jury returned a two-count Indictment charging Mr. Schenk under 18 U.S.C. § 1015(f) (Count 1) and 18 U.S.C. § 611 (Count 2), each based on conduct alleged to have occurred on or about November 5, 2024. (ECF No. 1.) The Indictment was sealed until Mr. Schenk's initial appearance and was unsealed on September 30, 2026. (ECF Nos. 5, 7.)
2. Mr. Schenk lives in Andover, Massachusetts, with his wife and their three young children. The family's move to Massachusetts was planned well before the Indictment was returned.

3. On September 29, 2026, Mr. Schenk was arrested in Massachusetts on the warrant issued in this case and appeared that same day before Magistrate Judge Judith G. Dein for proceedings under Federal Rule of Criminal Procedure 5(c)(3). The government did not move for detention, and Judge Dein ordered Mr. Schenk released and ordered him to appear in this District by October 9, 2026. *United States v. Schenk*, No. 1:26-mj-05294, ECF Nos. 4, 5 (D. Mass. Sept. 29, 2026).
4. On September 30, 2026, the Court set Mr. Schenk's initial appearance in this District for October 9, 2026, at 1:30 p.m., in Courtroom 3C in St. Paul, before Magistrate Judge Elizabeth Cowan Wright. (ECF No. 8.)
5. The Federal Rules of Criminal Procedure permit the October 9 hearing to proceed by video with Mr. Schenk's consent. Rule 43 requires a defendant's presence at the initial appearance and the initial arraignment "[u]nless this rule, Rule 5, or Rule 10 provides otherwise." Fed. R. Crim. P. 43(a)(1). Rule 5 provides otherwise: "Video teleconferencing may be used to conduct an appearance under this rule if the defendant consents." Fed. R. Crim. P. 5(g). So does Rule 10: "Video teleconferencing may be used to arraign a defendant if the defendant consents." Fed. R. Crim. P. 10(c). Whether the October 9 hearing proceeds as an appearance under Rule 5, an arraignment under Rule 10, or both, Mr. Schenk consents to video teleconferencing. His written consent, signed by Mr. Schenk and by counsel, is attached as Exhibit A. Should the Court prefer, the same document also provides the written waiver that Rule 10(b)

contemplates: it waives Mr. Schenk's appearance at arraignment and affirms that he has received a copy of the Indictment and that his plea is not guilty. *See* Fed. R. Crim. P. 10(b).

6. The Rules likewise permit Mr. Schenk to attend later hearings remotely when no testimony will be taken. Rule 43(a) does not list pretrial status conferences or non-evidentiary motion hearings among the proceedings at which a defendant "must be present," and Rule 43(b)(3) provides that a defendant "need not be present" when "[t]he proceeding involves only a conference or hearing on a question of law." Fed. R. Crim. P. 43(a), (b)(3). Rules that permit a hearing to go forward without the defendant in the room at all necessarily permit the defendant to attend that hearing by video.

7. Requiring Mr. Schenk to attend these hearings in person would impose substantial financial and scheduling burdens without any corresponding benefit. Andover is more than 1,000 miles from St. Paul. Each in-person appearance would require round-trip airfare, lodging, and ground transportation, and would take Mr. Schenk away from his family and his work for at least one full day and often two. The October 9 hearing is unlikely to be the last pretrial proceeding in this case, so those costs would recur with each hearing, all for proceedings at which Mr. Schenk will not testify and at which his counsel will be present in the courtroom. Video attendance will allow Mr. Schenk to see and hear the proceedings, to be seen and heard by the Court, and to consult with counsel,

which is everything his physical presence would provide at a hearing of this kind.

8. Mr. Schenk does not ask to appear remotely at any evidentiary hearing or other proceeding at which testimony will be taken, at any change-of-plea hearing, at trial, or at sentencing. Count 1 charges a felony punishable by up to five years' imprisonment, *see* 18 U.S.C. § 1015, so Rule 43(b)(2)'s exception for misdemeanor offenses does not apply, and Mr. Schenk will appear in person for any change of plea, trial, or sentencing. If the parties anticipate testimony at a future hearing, the defense will advise the Court in advance, and Mr. Schenk will attend that hearing in person. The Court would, of course, retain discretion to require his in-person attendance at any particular hearing.

9. When appearing remotely, Mr. Schenk will join by video, not by audio alone, from a private location with a reliable connection, and he will be available to confer privately with counsel by telephone as needed. He will also make himself available to the United States Probation and Pretrial Services Office remotely, as that office directs.

10. Undersigned counsel conferred with First Assistant United States Attorney Joseph S. Teirab, who advised on October 5, 2026, that the government has no objection to Mr. Schenk appearing by video at hearings that do not involve the taking of testimony, including the October 9 hearing.

WHEREFORE, Mr. Schenk respectfully requests that the Court enter an order (1) permitting him to appear by video teleconference at the hearing set for October 9, 2026;

(2) permitting him to appear by video teleconference at any later hearing in this case at which no testimony will be taken, subject to the Court's discretion to require his in-person attendance at a particular hearing; and (3) granting such other relief as the Court deems just.

Dated: October 5, 2026

Respectfully submitted,

RATKOWSKI LAW PLLC

/s/ Nico Ratkowski
Nico Ratkowski (Atty. No. 0400413)
332 Minnesota Street, Suite W1610
Saint Paul, MN 55101
P: (651) 755-5150
E: nico@ratkowskilaw.com

**Attorney for Defendant**